Mary Mulcare and George D. Steuart, Administrators, Plaintiffs in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 17,033.

MUNICIPAL CORPORATIONS—*contracts, burden of proof.* Where in an action against a city for sums earned under a contract for the removal of garbage, providing for a penalty for each neglect or refusal to ·properly collect garbage or ashes, there was a stipulation showing verified reports of such failures by garbage inspector's, the plaintiff had the burden of contradicting the verity of such reports to show a complete performance and sustain a recovery.

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

JOHN W. WALSH, for plaintiffs in error.

WILLIAM H. SEXTON and WILLIAM K. OTIS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This suit was brought to recover of the City of Chicago for what was claimed to be unwarranted deductions from the total contract price for the removal of garbage and ashes in certain specified districts of the city during January and February, 1898, under a so-called supplemental contract therefor, made with Patrick Mulcare.

A contract had already been entered into between the same parties for the removal of such material from the same districts, which was to go into effect March 1, 1898, and which provided for certain sanitary methods of removal and disposal set forth in specifications that were made part of the contract. Said contract contained this provision:

"It is also expressly agreed and understood that for each verified failure or neglect to collect the garbage in a proper, sanitary manner as prescribed in this contract and the said specifications, and for each and every individual instance of neglect or refusal to properly collect the said garbage and ashes according to the terms hereof, the sum of one ($1) dollar shall be deducted from the moneys owing, or to become due to the party of the first part. The commissioner of public works shall be the sole judge of the sufficiency of the verification of such failure, which verification may be made by the report of any inspector of the city."

The city inspectors reported to the commissioner of public works in writing 2,179 individual instances in one district, and 4,132 in another, of failure and neglect to collect garbage and ashes during the months referred to, and at the expiration of the term of said supplemental contract the city paid Mulcare the contract price less an amount equal to as many dollars as the aggregate number of said reported failures.

Said supplemental contract provided that in the collection and removal of garbage and ashes, all the terms of the principal agreement shall apply as far as the same can be made applicable. It is contended that a proper construction of the agreement between them limits the penalties aforesaid to the neglect and failure to remove said materials in accordance with the sanitary methods that were to be installed on March 1, 1898, and hence the provision is not applicable to the supplemental contract. We do not so construe their agreement. But if we did, the manifest failure of plaintiffs, upon whom rested the burden of proof, to show that the contract had been fully performed on the part of Mulcare, was sufficient to defeat recovery, and justified the court, to whom the case was submitted without jury, to refuse plaintiffs' request for a propositic f law to the effect that plaintiffs were entitled to r￫ ￫er on the supplemen-

tal contract, and for a finding of fact that Mulcare had fully performed such contract.

The only evidence relating to performance was the stipulation that "upon January 1, 1898, Patrick Mulcare entered upon the performance of said supplemental contract and continued in the performance thereof by collecting and removing garbage and ashes from the said  *  *  *  districts during said months of January and February, 1898." This was far from conceding a full compliance and performance, especially when in the same stipulation it was agreed that said reports of failure were duly made by inspectors to the commissioner of public works; that he was to be the sole judge of the sufficiency of the verification of said failures and that the city acted thereon in withholding payment. Regardless of whether the commissioner's judgment was final as to the fact of such failures, the facts stipulated to put plaintiffs to the necessity of contradicting the verity of such reports in order to show a complete performance.

The judgment is affirmed.

*Affirmed.*